**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| IGNACIO OLIVAS and GRISELDA OLIVAS, | ) | 3:10-CV-00133-RCJ-VPC |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC1 ASSET BACKED PASS THROUGH CERTIFICATES, et al., | ) | |
| Defendants. | ) | |

This case arises out of the foreclosure of Plaintiffs' mortgage. Presently before the Court is Defendants' Motion to Dismiss (#19). Plaintiffs have filed a Response (#21), and Defendants have filed a Reply (#22). The Court held a hearing on April 16, 2010. For the reasons given herein, the Court issues the following order. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#19) is converted to a motion for summary judgment and GRANTED.

**I. Background**

On or about November 11, 2005, Plaintiffs Ignacio and Griselda Olivas purchased real property located at 11525 Angel Falls Ct., Reno, NV 89506. (Compl. ¶ 1). Plaintiffs financed the purchase by making two promissory notes to lender New Century Mortgage Corp. ("New Century"), for $256,000 and $64,000, respectively, secured by first and second deeds of trust. (#19, Ex. A).[1] Plaintiffs defaulted, and the property was eventually sold at a trustee's sale.

---

[1] Defendants attach a copy of the first deed of trust, but not the second, as claimed in their motion. However, for the purposes of resolving the motion, these documents are not critical.

1  (Compl. at 2–3; #19-2).

2     Plaintiffs sued Carrington Mortgage Loan Trust, Series 2006-NC1 Asset Backed Pass Through Certificates, Carrington Mortgage Services, LLC, MTC Financial, Inc., and Wells Fargo Bank, N.A. in the District Court of Washoe County, claiming only that foreclosure was wrongful because the defendants did not notify Plaintiffs of the Notice of Trustee's Sale as required by Nevada Revised Statutes § 107.080(4)(a). (Compl. ¶ 7). Defendants Carrington Mortgage Loan Trust, Series 2006-NC1 Asset Backed Pass Through Certificates, Carrington Mortgage Services, LLC, and Wells Fargo Bank, N.A. (collectively, "Defendants") removed to this Court and filed the present Motion to Dismiss (#19).

## II. Legal Standard

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that

///

a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.     Rule 56(c)**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party
///

is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Analysis

Nevada Revised Statutes § 107.080(4)(a) reads:

> 4. The trustee, or other person authorized to make the sale under the terms of the trust deed or transfer in trust, shall, after expiration of the 3-month period following the recording of the notice of breach and election to sell, and before the making of the sale, give notice of the time and place thereof by recording the notice of sale and by:
>
> (a) **Providing the notice to each trustor** and any other person entitled to notice pursuant to this section **by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor** and any other person entitled to such notice pursuant to this section . . . .

Nev. Rev. Stat. § 107.080(4)(a) (emphases added). Plaintiffs were trustors of the deeds of trust. (*See* #19-2 at 1). Plaintiffs allege that notice was never given through personal service or by certified mail, but the evidence adduced by Defendants tends to prove that service of the Notice of Trustee's Sale was sent to Plaintiffs by certified mail. Defendants adduce: (1) the Notice of Trustee's Sale, (#19-4); (2) a Declaration of Mailing sworn by Lizeth Del Rio, an employee of Trustee Corps, the foreclosing trustee, attesting that the Notice of Trustee's Sale (articles number 71006309264091511144 and 71006309264091511151) were sent via certified mail to both Griselda Olivas and Ignacio Olivas at the address of the Property, (#19-6); and (3) tracking confirmation from the United States Post Office that both items were delivered at 4:45 p.m. on October 23, 2008 (#19-7; #19-8). This satisfies the statutory notice requirement. Because the Court cannot take judicial notice of these documents, the Court will convert the Motion (#19) into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

Plaintiffs argue that the Court should not convert the motion into a motion for summary judgment because it has not had an opportunity to present its own evidence. Plaintiffs plainly had such an opportunity when they filed the very Response (#21) in which they make this argument. Plaintiffs also argue that the Notice of Trustee's Sale is dated October 21, 2008, but that the mailings were made on October 20, 2008. But the statute requires only notice that the trustee sale will occur and the time and place of the sale, not that the notice has been signed or recorded. In other words, a copy of an unsigned, unrecorded Notice of Trustee's

Sale is sufficient. The dates here do not disprove notice, but only tend to show that the copy of the Notice of Trustee's Sale that was mailed was not yet signed, or perhaps that the Notice of Trustee's Sale was signed and mailed before the date appearing on it, but none of this would be a defect in notice in and of itself. Plaintiffs also argue that the mailings attested to by Lizeth Del Rio "could have been" something other than the Notice of Trustee's Sale. Of course they could have been something else, just as pages 1–13 of the deed of trust that Plaintiffs signed on page 14 "could have been" something other than what is attached as an exhibit to the motion. But even the very strictest burdens of proof employed by the law do not require epistemological certainty. The test in the context of a motion for summary judgment is whether there is a genuine issue of material fact remaining. Here, there is not. The evidence, which shows that two items were sent by certified mail by a trust company to two trustors in default, at the address of the Property, and within one day of the apparent execution of the Notice of Trustee's Sale, is powerful evidence that the Notice of Trustee's Sale is what was delivered.

     Defendants have met their initial burden on summary judgment, and Plaintiffs, having had an opportunity via their Response (#21), have not countered with any contrary evidence. Their only evidence is their claim that they did not receive actual notice. But actual notice is not required, and mailing of notice gives rise to a presumption of receipt. *Hanknis v. Adm'r of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976). Plaintiffs adduce no evidence indicating that something other than the Notice of Trustee's Sale is what they received at the Property on October 23, 2008. The type of proof Plaintiffs demand is impossible to provide. Del Rio states in her affidavit that she mailed the documents "hereunto attached." (#19-6). The Notice of Trustee's Sale is included in the evidence adduced by Defendants, but it does not appear immediately after Del Rio's affidavit. Even if it did, this would not provide the level of proof Plaintiffs demand, because the argument would remain, "How do we know that the papers attached in the motion are the same as those that were attached to the declaration?" And if Del Rio had stated in her affidavit that she had mailed "the Notice of Trustee's Sale," the argument would remain, "How do we know that she didn't err and send the wrong document?"

1  Presumably, if Plaintiffs had been personally served, they would attack the affidavit of service
2  on the grounds that the process server was mistaken as to the identities of those he handed
3  the papers to and/or the address of service.  Defendants have produced evidence creating a
4  presumption of notice.  Plaintiffs have failed to overcome this presumption.  Based on the
5  evidence before the Court, a reasonable jury could not conclude that something other than the
6  Notice of Trustee's Sale was what was mailed and delivered to Plaintiffs fourteen months after
7  the Notice of Default was recorded, (#19-3), and the day before the Notice of Trustee's Sale
8  was recorded, (#19-4).

### IV. Conclusion

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (#19) is converted to a motion for summary judgment and GRANTED.

The Clerk of the Court shall enter judgment for Defendants Carrington Mortgage Loan Trust, Series 2006-NC1 Asset Backed Pass Through Certificates, Carrington Mortgage Services, LLC, and Wells Fargo Bank, N.A. accordingly.

DATED: This __30th__ day of April, 2010.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE