UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IGNACIO OLIVAS et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CARRINGTON MORTGAGE LOAN TRUST et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | 3:10-cv-00133-RCJ-VPC <br><br> ORDER |

This case arises out of the foreclosure of Plaintiffs' mortgage. The Court recently converted a motion to dismiss into a motion for summary judgment and granted it, terminating all Defendants except MTC Financial, Inc. ("MTC"). (*See* Order, April 30, 2010, ECF No. 34). Plaintiffs have filed a motion to reconsider, and MTC has separately moved in the alternative to dismiss or for summary judgment. For the reasons given herein, the Court denies the motion to reconsider and grants the motion for summary judgment.

I.   FACTS AND PROCEDURAL HISTORY

On or about November 11, 2005, Plaintiffs Ignacio and Griselda Olivas purchased real property located at 11525 Angel Falls Ct., Reno, Nevada 89506. (Compl. ¶ 1). Plaintiffs financed the purchase by making two promissory notes to lender New Century Mortgage Corp. ("New Century") for $256,000 and $64,000, secured by first and second deeds of trust,

respectively. Plaintiffs defaulted, and the property was eventually sold at a trustee's sale. (Compl. 2–3; Trustee's Deed, ECF No. 19-5).

Plaintiffs sued several Defendants in the District Court of Washoe County, claiming only that foreclosure was wrongful because Defendants did not notify Plaintiffs of the Notice of Trustee's Sale ("NOS") as required by Nevada Revised Statutes ("NRS") section 107.080(4)(a). (Compl. ¶ 7). Defendants removed.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550

1  U.S. at 555).

2  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.     Rule 56(c)**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### C. Rule 59(e)

A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, judgment was entered on May 4, 2010, and the present motion was filed ten days later on May 14, 2010. Therefore the motion to reconsider is timely under Rule 59(e) and should be considered under that rule as opposed to Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment.").[1]

## III. ANALYSIS

### A. Motion to Reconsider

In the original order, the Court noted that Defendants had adduced evidence that an employee of MTC, Lizeth Del Rio, had mailed Plaintiffs a copy of the NOS via certified mail and received delivery confirmation. Plaintiffs responded by claiming they had never received the notice, and that the employee might in fact have mailed something else. The Court concluded that a reasonable fact-finder could not find based on the available evidence that Plaintiffs did not receive the NOS.

First, Plaintiffs argue that the Court erred in converting the motion to dismiss into a motion for summary judgment before Plaintiffs had an opportunity to conduct discovery by deposing Del Rio. A Court may convert a motion to dismiss into a motion for summary

---

[1] On December 1, 2009, the time to file a Rule 59(e) motion was changed from ten to twenty-eight days. *Compare* Fed. R. Civ. P. 59(e) (2009), *with* Fed. R. Civ. P. 59(e) (2010).

1  judgment when evidence is attached to the motion of which the Court may not take judicial
2  notice. In fact, a court has no choice but to do so. *See* Fed. R. Civ. P. 12(d) ("If, on a motion
3  under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by
4  the court, the motion must be treated as one for summary judgment under Rule 56. All parties
5  must be given a reasonable opportunity to present all the material that is pertinent to the
6  motion."). Plaintiffs had a reasonable opportunity to present material, because they had over two
7  weeks to respond to the motion. They did not respond with evidence or with any request or
8  demand for discovery. Plaintiffs now argue that they did not have an opportunity to respond
9  because they were not able to depose Del Rio, who mailed the NOS, but they have not alleged
10 that they attempted any such deposition. The record does not indicate any motions to compel or
11 even any attempt to force a discovery conference under Rule 26(f), even though the Complaint
12 was filed over a year ago in July 2009.
13    Second, Plaintiffs adduce the affidavit of Plaintiff Ignacio Olivas that he does not recall
14 receiving the NOS by mail. (*See* Ignacio Aff. ¶ 2, May 13, 2010, ECF No. 36-1). This does not
15 put delivery of the NOS in doubt, but only Ignacio's memory of it. Defendants adduced a
16 declaration of mailing by Del Rio attesting that she sent the NOS by certified mail, and they also
17 adduced a tracking confirmation from the post office that it was delivered at 4:45 p.m. on
18 October 23, 2008. A mere claim of not being able to recall receiving a specific delivery does not
19 by itself rebut specific evidence of a delivery, particularly where Olivas's wife also resided at the
20 Property and has not attested whether she received the NOS.
21    Finally, the Property has already been sold. Although the Court may void a sale where
22 the foreclosure statutes are not substantially complied with, *see* Nev. Rev. Stat. § 107.080(5),
23 reversing a sale would be an extraordinary act of equity in a case where there is in fact a default,
24 and Plaintiffs have not indicated any ability or willingness to do equity (by paying the mortgage
25 arrearage) to receive such a remedy. Even if a deposition of Del Rio were otherwise appropriate,

equitable relief is unavailable because of the inability or unwillingness of Plaintiffs to do equity themselves.

### B. Motion to Dismiss or for Summary Judgment

MTC, d.b.a. Trustee Corp., moves in the alternative to dismiss or for summary judgment. Plaintiffs respond that there is a genuine issue of material fact whether MTC sent Plaintiffs the NOS. But as noted, Del Rio sent the NOS via certified mail, and Plaintiffs have not rebutted this evidence. And in any case, Plaintiffs do not appear ready to do equity by making up the past due mortgage payments. The Court grants this motion as a motion for summary judgment for the same reasons it granted the terminated Defendants' similar motion. (*See* Order, Apr. 30, 2010, ECF No. 34).

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 36) is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that the LIS PENDENS on the Property located at 11525 Angel Falls Ct., Reno, Nevada 89506 is EXPUNGED.

IT IS SO ORDERED.

Dated this 20th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge